————o————

JOHN H. BOBB, Plaintiff in Error, *vs.* JAMES K. TAYLOR, *et al.*, Defendants in Error.

I. *Judgment—Assignment of—Equity.*—An assignee of a judgment which has been compromised cannot enforce it against the defendant in the judgment. The assignee takes the judgment subject to all its equities. And, *a fortiori*, a bill in equity will not lie on behalf of the creditors of the assignee, to enforce it against the judgment creditor.

*Error to St. Louis Circuit Court.*

*H. A. Clover*, for Plaintiff in Error.

*Lackland, Martin & Lackland*, for Defendants in Error.

ADAMS, Judge, delivered the opinion of the court.

This was an action in the nature of a bill in equity by the plaintiff, as assignee of a judgment against the defendant, James K. Taylor, to subject to its payment, a certain other judgment against the defendant Charles Bobb, which was alleged to belong to said James K. Taylor.

The leading facts as they appear from the pleadings and evidence are as follows: The Accommodation Bank of St. Louis, on the 24th day of April, 1872, recovered a judgment for $940.70 against Joseph Geitner, Charles E. Dunn and the defendant James K. Taylor, in the Circuit Court of St. Louis county. On the 15th day of April, 1872, the Accommodation Bank of St. Louis assigned their said judgment to the plaintiff, and it is for the purpose of obtaining satisfaction of this judgment out of the one alleged to belong to Taylor, that this suit is brought. On the 3rd day of January, 1872, Thomas B. Crews and Joseph S. Laurie recovered a judgment in the St. Louis Circuit Court, against the defendant Charles Bobb, for the sum of $2,200. On the 6th day of January 1872, Crews and Laurie assigned their said judgment to the defendant, James K. Taylor. It is alleged in the petition, that Taylor assigned this judgment to Levi L. Ashbrook on the 27th of June, 1872, and that this assignment to Ashbrook was fraudulent and void as to the creditors of Taylor. It is this judgment that the plaintiff seeks to subject to the payment of the judgment, held by him against Taylor.

The proof shows that the assignment to Taylor was made at the request of Charles Bobb the judgment debtor; that Charles Bobb compromised with Crews and Laurie by paying them part of the amount, and instead of having it released or entered satisfied, he had it assigned to Taylor to hold it for him; that Taylor paid nothing for the assignment but merely took it to hold for the benefit of Charles Bobb, the judgment debtor, and that Taylor received nothing for his assignment of the judgment to Ashbrook, and that Ashbrook did not claim it as his own, but held it for the benefit of Charles Bobb, the judgment debtor.

Upon these facts the court on the final hearing dismissed the plaintiff's petition, and rendered final judgment against him, which was affirmed at General Term, and the plaintiff has brought the case here by writ of error.

From the facts presented by this record the plaintiff had no standing in court. The transaction between Crews and

Laurie and the defendant Charles Bobb amounted to a satisfaction of their judgment against him. After making the compromise with him they could not have again enforced payment of the judgment against him; nor could an assignee from them even if he had paid full value for it compel payment. An assignee of a chose in action, except it be commercial paper before maturity, takes it subject to all the equities existing between the original parties. This principle is too familiar to need illustration or authority to support it. If Taylor, as assignee, could not have enforced payment of the judgment against Charles Bobb, certainly his creditors who were strangers to him had no equity to compel him to pay their debts due from Taylor.

Charles Bobb could not have kept the judgment, which he had settled, on foot to hinder and delay his creditors in the collection of their debts. The assignment to Taylor at the instance of Bobb's creditors, would no doubt be pronounced fraudulent and void; and a court of equity would not permit it to stand in their way. But they are not complaining. It is a creditor of Taylor, and not of Bobb, who seeks to enforce against Bobb, a judgment which he has compromised and satisfied.

There is no question of estoppel in the case. There is nothing to estop Bobb from standing on his rights. Taylor paid nothing for the assignment; he took it for the benefit of Bobb, the judgment debtor. Even if he had purchased for value without notice of the compromise, the compromise and settlement made by Bobb would have been a bar to any recovery.

If Taylor had made the purchase on the representation of Bobb, that the judgment against him remained unsatisfied, that would have been an estoppel; and Bobb would not be allowed to set up payment against his own admission thus acted on by Taylor.

On the whole record the judgment appears to be for the right party. Judgment affirmed. The other judges concur.