MALVINA BLANCHARD, Respondent, v. MICHAEL HUNT,
and D. H. DOTY, Appellants.

Kansas City Court of Appeals, June 8, 1885.

1. PRACTICE—ABUSE OF DISCRETION—CASE ADJUDGED. — One of the
grounds of a motion for new trial was that the court took up the
cause for trial in the absence of defendants' attorneys.  On the
hearing of the motion it was admitted that said cause was so taken
up, and plaintiff's testimony all put in that evening, and defend-
ants' attorney did not appear until just before adjournment for the
day; that this cause was numbered 2189, and that number 2153
stood on the docket before this cause, and it was called and passed
by the court until the trial of this cause; that after which
it was taken up and tried; that thereby defendants were
unable to hear plaintiff's witnesses testify, or cross-examine
them; but R. H. Hunt, representing the defendants, did appear
and cross-examine, most of the witnesses called by plaintiff being
re-called for that purpose." Held, the action of the court was not
an abuse of discretion.  "We will not assume that there was no
reason for the court's action; our assumption will be the contrary."

2. NEGLIGENCE—EXERCISE OF CARE AND SKILL.—It is the settled law of
this state, that if municipal corporations, acting under proper
authority to do certain work, exercise reasonable care and skill in

the performance of the work, they are not liable to the adjoining owner for consequential damage to his premises. But if the injury can be shown to be the result of the negligence or unskilfulness of the city, or its employes, in the performance of the work, an action will lie and the party injured will,be entitled to damages. Following *Wegmann v. Jefferson,* 61 Mo. 55.

APPEAL from Jackson Circuit Court, HON. T. A. GILL, J.

*Affirmed.*

The facts are sufficiently stated in the opinion of the court.

C. A. KENYON and JOHN W. SNYDER, for the appellants.

I. This case should be reversed because the court refused to grant a new trial upon the ground assigned in motion for new trial, as follows: "That the court took up said cause for trial out of its order on the docket, and in the absence of defendants and their attorneys, and allowed plaintiff to put in all her testimony before defendants or their attorneys were notified that said cause was called for trial, and defendants were thereby deprived of the right to cross-examine the witnesses of the plaintiff." They were also deprived of their further and important right of having·a voice in the selection of the jury.

II. Irregularity of the court is a ground for a new trial, as some conduct of the court other than orders or rulings. If the manner of conducting court is not according to *custom* or *method,* which formerly obtained, then it is "irregular," and if this is such as to deprive the party complaining of any legal and substantial right which may operate to his prejudice, then he is entitled to relief, if not himself derelict. Hayne on New Trial and Appeal, sects. 28, 29, 76, 83.

III. The first instruction given for plaintiff by the court was error. The jury were directed to find for the plaintiff if she was damaged in either of three ways by the defendants. So each of these omissions would

constitute negligence *per se* towards the plaintiff. But really the only inquiry is : what rights had the plaintiff to have her land held up by those off her land ? She has a right to be notified that the excavation of the adjoining land is about to begin, *in order that she herself may protect her property*, but there is neither allegation, proof, nor instruction on this point. *Charles v. Rankin*, 22 Mo. 566.

C. O. TICHENOR, for respondent.

I. The defendants were liable for the negligent and improper manner in which the work was done. *Wegmann v. City of Jefferson*, 61 Mo. 55. And it is admitted that there was evidence tending to support all the allegations of the petition ; as, that the ground when put back was not tramped ; that the trench was not sufficiently shored ; that the scaffolding was not left in when the trench was filled, though all this was ordered by the city engineer to protect plaintiff's wall.

II. Defendants claim reversal because of irregularity. Admitting what was done to be irregular (*which we do not*), how were defendants prejudiced ? They made no objection to the trial going on. Everything was satisfactory until the jury found against them. If there was surprise it was owing to their own *laches*, which is never good cause for new trial. *Fretwell v. Laffoon*, 77 Mo. 29 ; *Bosbyshell v. Summers*, 40 Mo. 172 ; *Nordmanser v. Hitchcock*, 40 Mo. 178. Again, the court, before granting a new trial, must be satisfied that the injury sustained may be repaired in a second trial. *O'Connor v. Duff*, 30 Mo. 599. Moreover, there must be an *affidavit* filed showing merits, or that the verdict is unjust. *Peers v. Davis, adm'r.*, 29 Mo. 190 ; sect. 3582, Rev. Stat. Mo. (1879).

Brief for appellants in reply.

I. We ask reversal on account of surprise occasioned by irregular action of the court. 27 Cal. 496 ; 27 Indiana 3 ; 9 L. & M. (Miss.) 446 ; 8 Gratt. (Va.) 714 ; 10 Allen (Mass.) 416 ; 2 Bush (Ky.) 82. Deprival of right to

examine witnesses and select jury, shows injury to be repaired.

II. The plaintiff has no absolute right to the use of the land in the street for collateral support; which the instruction declares. *Mitchell v. Mayor*, 49 Georgia 19 ; Sedgwick & Wait on Trial of Title, sect. 138.

Opinion by ELLISON, J.

Defendants constructed a sewer in the alley adjoining plaintiff's lot, under a contract with the City of Kansas. Plaintiff had a heavy stone foundation on the lot. The contract with the city contained the following among other provisions: "The ground shall be excavated in open trenches to the necessary width and depth, and of such length, at one time, as the engineer directs. The bottom of the trench shall be hollowed out to the exact form and size of the sewer to be laid therein. The sides of the trench shall be supported by suitable plank and shoring, to be furnished by the contractor. The earth shall be carefully filled in around and on top of the sewer, and solidly rammed to the surface in layers not exceeding one foot in thickness."

In constructing the sewer, plaintiff's foundation wall was injured. She sued defendants for damages, the following being a part of her petition:

"That about the month of October, 1881, the defendant constructed a sewer in the alley, at the west end of her said lot, and plaintiff states they did so in a negligent and careless manner; that the excavation was in made earth, as was the ground upon which plaintiff's foundation was built. That the sides of the trench were not supported by planks, as they should have been, and were not properly shored up, and the dirt, after it was filled in the trench, was not solidly rammed, neither in the layers not exceeding one foot, nor at all; and when it was so filled in the shoring and planks were not left in as they should have been, but were pulled out in a negligent and careless manner, and in disobedience of the orders of the city engineer. By reason of all which the west side of foundation became loose and cracked,

and displaced, so as to render the same worthless, whereby the plaintiff says she has been damaged in the sum of $500.00, for which she demands judgment."

Plaintiff obtained judgment in the circuit court and defendants appeal. Defendants state that "there was evidence tending to support all the allegations in the petition" as well as of the answer. The court gave the following instructions for the plaintiff:

"1. If you believe from the evidence that the sides of the trench dug in order to construct the sewer were not supported by plank, so as to keep the same from caving in, or that the dirt was not rammed in layers not exceeding one foot in thickness, or that the planks or shoring were not left in when the trenches were filled up, provided it was necessary to leave the same in, in order to protect plaintiff's foundations, then you will find for plaintiff, providing you further believe that the walls, or either of them, were damaged from these causes, or from any one of them."

And for the defendant the court gave the following, with one other:

"2. That the defendants are not liable for any damage resulting to plaintiff's foundation wall from the construction of such sewer by defendants, unless the construction of such sewer was in a negligent and careless manner, and such negligent and careless manner of construction was the cause of the damage."

Defendants complain that the court took up the cause for trial in the absence of their attorneys. On the hearing of the motion for new trial it was admitted:

"That said cause was taken up for trial in the absence of defendants and their attorneys at about four o'clock in the afternoon of May 2, 1882, and plaintiff's testimony all put in that evening; that defendants' attorneys did not arrive in the court until just as the court was about to adjourn for the day, because none of the parties or their attorneys, were present, and the case was next in order; that this cause was numbered 2189 upon the docket, and that number 2153, *Jordan v. J. Kinney*, stood on the docket before this cause, and was by the court called and

passed until the trial of this cause, when it was taken up, and tried, and that thereby defendants were unable to hear plaintiff's witnesses testify, or cross-examine them.    R. H. Hunt, representing defendants, did appear and cross-examine, most of the witnesses called by plaintiff being recalled so that he could cross-examine."

It does not appear in the record why the other cause, just ahead of this, was called and passed.    The absent attorneys appeared just as the court was adjourning for the day, and next morning proceeded with the trial without asking for a continuance on account of what had taken place.    The action of the court was not an abuse of discretion.    The counsel should have kept themselves in position to know what was going on.    The cause just ahead of this one might have been dismissed, continued, or judgment confessed, the moment after their departure, which would have brought this case on for immediate disposal.    It does not appear why the court called and "passed" the other case.    It is often necessary to pass a case in a trial court; it might sometimes be an abuse of discretion not to pass one.    We will not assume there was no reason for the court's action; our assumption will be the contrary.    We have been cited to many authorities showing that an appellate court will not permit an abuse of discretion in a trial court.

There is no doubt this is true.    But there has been no abuse of discretion here.    The court's action in this respect does not call for criticism.

There can be no doubt of the liability of a city for damages resulting from negligence and unskilfulness in the city, or its employes, in prosecuting a work of this sort.    *Wegmann v. City of Jefferson*, 61 Mo. 55.

It being admitted "there was evidence tending to prove all the allegations of the petition" and plaintiff's instruction in connection with that given for defendants, putting the issue correctly to the jury, we will not disturb the finding on the facts, and affirm the judgment.

There are many authorities cited by defendants, which we need not discuss, believing them not applicable

or controlling in this case. So there were some other exceptions besides those mentioned, though not strenuously urged, we consider them not well taken.

The judgment is affirmed. All concur.