WILLIAM F. HURCK, Appellant, v. ST. LOUIS EXPOSI-
TION AND MUSIC HALL ASSOCIATION, Respondent.

### St. Louis Court of Appeals, January 17, 1888.

1. PRACTICE—CONTINUANCE—JUDICIAL DISCRETION.—The granting or
refusing of a continuance is a matter of judicial discretion,
which will not be interfered with, unless the discretion has mani-
festly been abused.

2. ——— CONTINUANCE—ABSENCE OF PARTY.—The unavoidable ab-
sence of a party furnishes no ground for a continuance, when it
does not appear that he is a material witness for himself, and
·that it was impossible to take his deposition for the trial.

3. ——— ABSENCE OF COUNSEL.—The unavoidable absence of counsel
is not sufficient cause for setting aside a judgment, where it is not
shown that, had he been present, he could have gone to trial, or
could have presented unquestionable grounds for a continuance.

APPEAL from the St. Louis Circuit Court, HON.
DANIEL DILLON, Judge.

*Affirmed.*

E. A. B. GARESCHÉ, for the appellant :   It has been
held that it is no abuse of discretion to proceed with the
trial of a case when an attorney is engaged in another
court.   *Guffin v. Vail*, 56 Mo. 311.   It will be observed
that, in both this case and that of *Jacob v. McLean*,
cited by Judge Adams in his opinion, the defendant was
not in court, and no reason was given for his absence.
Had he been present he might, as Judge Napton re-
marked, have employed other counsel to represent him.
Notwithstanding these decisions, adverse to the appel-
lant in these particular cases, for reasons therein par-
ticularly emphasized, this court, as late as *Hanel v.
Freund* (17 Mo. App. 623), expressly refers to and up-
holds its right to review the action of the trial court in
the matter of its discretion.   So, in *Blanchard v. Hunt*

(18 Mo. App. 289), Judge Ellison says that there can be no doubt but that an appellate court will not permit an abuse of discretion in a trial court. Hurck was not absent through any neglect of his. He had taken every precaution to be advised in time of the setting of the case.

FORD & PAYNE, for the respondent.

ROMBAUER, J., delivered the opinion of the court.

This appeal is prosecuted by the plaintiff from a judgment overruling his motion to reinstate the cause. The action was originally brought before a justice of the peace, where the plaintiff recovered judgment for nine dollars and costs. From this judgment the plaintiff appealed, and on retrial in the circuit court recovered judgment for thirty dollars and costs. This amount being less than he claimed he moved to vacate the judgment, and it was vacated on his motion, as we must assume, upon a sufficient showing.

The case was then set for retrial at a subsequent term. When it was called for trial at this last date neither the plaintiff nor his attorney was present, and the plaintiff's appeal was dismissed on defendant's motion.

The plaintiff's counsel appearing in court on the same day moved to have this dismissal set aside, and made and filed two affidavits in support of his motion. It appeared by these affidavits that his client was necessarily absent from the city and was an indispensable witness in his own behalf. It also appeared that the affiant counsel was necessarily absent from the courtroom when the case was called. For the purpose of passing on the merits of this appeal we may furthermore concede that the facts shown by the affidavits lead to the conclusion that both the plaintiff and his counsel were unavoidably so absent, and that no negligence is imputable to either on account of such absence.

At the same time it appears affirmatively, from the

affidavits thus filed, that the plaintiff could not have been ready for trial if his counsel had been present. On the issues presented the burden of proof lay with him, and he was an indispensable witness in his own behalf. It further appears that the plaintiff was present at the former trials of the cause; that his attorney was thoroughly familiar with the facts of the case; that he was aware of his client's leaving the city permanently to seek employment elsewhere before the client left, and it did not appear that the client's deposition could not have been taken before his departure, nor did it appear that his testimony by deposition would not have been as effectual for all purposes as his oral testimony. In fact, it was not shown that the client's personal presence at the trial was indispensable to secure for him a full and fair trial.

Thus it will be seen that the facts of the case bring it within the rule stated in *Owens v. Tinsley* (21 Mo. 425), where it was held that the unavoidable absence of the defendant furnished no ground for a continuance.

The action of the trial court in cases of this character is discretionary. The discretion, it is true, is a judicial one, and as such subject to review. *Hanel v. Freund*, 17 Mo. App. 622, 624; *Blanchard v. Hunt*, 18 Mo. App. 284. But such review is exercised with great care, and in the absence of manifest abuse the discretion will not be interfered with. *Jones v. Ins. Co.*, 55 Mo. 345; *Griffin v. Veil*, 56 Mo. 311.

It appears in this case that the plaintiff could not have tried the cause even if his counsel had been present. His own unavoidable absence, under the facts shown, did not make it the duty of the court to grant him a continuance. It does not appear that the setting aside of the dismissal was asked for any other reason than for the purpose of applying for a continuance. There is nothing in all the facts shown which would justify us to interfere with the discretionary action of the court.

All the judges concurring, the judgment is affirmed.