100  273
139  314

100  273
76a 292

ROBERTSON v. DRANE, *Appellant.*

1.  **Judgment:** VAGUENESS: VERDICT. A judgment in ejectment
    directing that plaintiff be restored to the possession of certain
    lands, or " so much thereof not further south than the boundary
    line in said verdict described," is erroneous for vagueness and
    uncertainty where the verdict is that " the south line is seven and
    nine feet south of the hedge as shown by the evidence."

2.  **Instruction:** ASSUMPTION OF FACT. Where the correctness of a
    survey establishing the boundary line between adjoining propri-
    etors is controverted, an instruction assuming it to be correct is
    erroneous.

*Appeal from Saline Circuit Court.* — HON. J. P.
STROTHER, Judge.

REVERSED AND REMANDED.

*Geo. L. Hays* and *Boyd & Sebree* for appellant.

(1) The court erred in giving the second instruc-
tion for the plaintiff. It singles out a particular fact
or part of the testimony to the exclusion of the rest.
*Purcell v. Lewis*, 8 Mo. App. 593; *Kaizer v. Ins. Co.*, 7
Mo. App. 579; *Kendig v. Railroad*, 79 Mo. 207. It
assumes the fact of the survey of the east line of the
northeast quarter of the section in question, and estab-
lishing of the southeast corner of the east half by Kirtly,
which was controverted. It assumes that Kirtly's alleged
survey and establishment, and marking the quarter-sec-
tion corner, corresponded with the government survey,
and was, therefore, correct, which was controverted by
the defendant, and was one of the main issues of fact in
controversy. (2) The verdict and judgment should
have been set aside and a new trial granted, because
the verdict was not in accordance with the instructions

of the court as to manner of defining the line and because the verdict is so vague, indefinite and uncertain that the line cannot be truly located by it.

*Davis & Wingfield* for respondent.

There was no error in the second instruction for plaintiff, because the Kirtly survey, mentioned in said instruction, was relied upon by both parties during the trial, as the survey establishing the true line, and the reference to it was merely a reference to the true line. The question in issue was, where did Kirtly's line run, and both Ross and West attempted to find that line. It was the common source of title and both parties having recognized it as such were bound by it. *Holland v. Adair*, 55 Mo. 40; *Butcher v. Rogers*, 60 Mo. 138; *Miller v. Hardin*, 64 Mo. 545; *Bank v. Manard*, 51 Mo. 548; *Rumfelt v. O'Brien*, 57 Mo. 569; *Smith v. Lindsay*, 89 Mo. 76; *Charles v. Patch*, 87 Mo. 450; *Lemon v. Hartsook*, 80 Mo. 13, and cases there cited.

BRACE, J.—This is an action in ejectment. The only question at issue being the correct location of the boundary line between plaintiff who is the owner of the east half of the northeast quarter of section 6, township 50, range 23, and the defendant who is the owner of the east half of the southeast quarter of the same section.

The jury returned the following verdict: "We the jury find for the plaintiff, and find that the Ross survey is the correct line, being seven and nine feet south of the hedge as shown by the evidence, and also give one cent damages to the plaintiff." Upon this verdict the court rendered the following judgment: "That the plaintiff recover of defendant the possession of the lands described in the petition, to-wit: The east half of the northeast quarter of section 6, township 50, range 23, in Saline county, Missouri, lying south of the hedge, with one cent damages without monthly rents and profits and that the plaintiff recover from the defendant the costs

of the suit, and the court doth further order that an execution issue to restore to said plaintiff the possession of said lands and tenements or so much thereof, not further south than the boundary line in said verdict described as said defendant shall be found in possession of at the time of the execution of said writ, and for costs of this court."

I. The plaintiff in his petition sued simply for the possession of the east half of the northeast quarter of section 6, township 50, range 23. There was nothing in the petition to indicate where the boundary line between his land, and that of the defendant was, or ought to be, located, and the judgment of the court that he recover the lands sued for, as described in the petition, would afford no guide to the officer executing the writ as to what land in possession of defendant was to be delivered into the possession of the plaintiff. The directions to restore the plaintiff to the possession of so much of said lands, not further than the south boundary line in said verdict described, as said defendant shall be found to be in possession of, might perhaps have been complied with if the verdict had fixed any definite line as the south boundary line of plaintiff's premises, but the verdict leaves the line indefinite being "seven and nine feet south of the hedge as shown by the evidence," but where seven, and where nine, feet does not appear. It is possible the court might upon this verdict, in the light of the evidence, and the issues thereupon submitted to the jury in the instructions, have entered a judgment definitely describing the strip of land to be recovered, but the judgment is as vague and indefinite as the verdict, and not susceptible of intelligent execution.

II. On the trial of the cause the following instruction was given in which also there was error: "The jury are instructed that where there are conflicting surveys they must take into consideration all the evidence concerning the correctness of said surveys and the history of the same as detailed in the evidence.

And if, under all the evidence, the jury believe that the survey made by Ross was substantially correct and in accordance with the old survey made by Kirtly, then the jury will find the line established by Ross to be correct, and if the jury find that said line falls south of the hedge in question, then the finding must be for the plaintiff, unless they find the hedge an agreed line as elsewhere instructed.''

The right of the plaintiff to recover on the evidence depended upon the establishment of the fact that the line of the survey made by Ross was the true dividing line between plaintiff and defendant's land. This instruction assumes that an old survey made by Kirtly established the correct line, and in effect tells the jury that if they find that the line of the Ross survey and the line of Kirtly's survey correspond, that then they have found the true line and must find for the plaintiff. There is nothing in the evidence that would authorize the court to declare, as matter of law, that the line of Kirtly's survey was the true line between these half sections, nor anything from which the conclusion can be deduced that the defendant conceded that such line was the true line. For this error the judgment would have to be reversed and the cause remanded for new trial, even if the judgment were not defective in the respect mentioned and it is accordingly so ordered. All concur.