FRANKLIN v. HAYNES *et al., Appellants.*

Division One, May 25, 1897.

Ejectment: DIVISION LINE: PROPER SUBMISSION OF ISSUES: PRACTICE.
   Where the only issues in a suit in ejectment are the location of the division line between two patentees, and whether the land in dispute lies north or south of this line, the cause must be reversed and remanded for a new trial if such issues have not been intelligently submitted to the trial jury.   And the same practice will be followed, also, if neither the judgment nor verdict decide the issues.

*Appeal from Maries Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

REVERSED AND REMANDED.

*W. S. Pope* for appellants.

(1) The contention is as to the line between the north fractional half (left bank of the Gasconade river), section 30, township 41, range 8, and the south half of the section.   The verdict does not decide the contention, and judgment thereon follows the verdict so far as description is concerned.   *Robertson v. Drane,* 100 Mo. 273, is decisive of this case.    (2) The answer of defendant, Ray James, is a complete defense to plain-

tiff's suit. It was not denied. The defendant's instruction, in the nature of a demurrer to the testimony, should have been given. (3) The instruction given by the court at the instance of plaintiff is wrong. The jury were misled thereby. The instruction in effect authorized a finding for plaintiff when such was not warranted by either the pleadings or evidence. The instruction ignored the statute of limitations pleaded by defendant, and all other defenses pleaded and not denied.

*Barr & Corse* for respondent.

BRACE, J.—This is an action in ejectment in the usual form, instituted October, 1895, in the circuit court of Maries county, for the recovery of the possession of a tract of land in said county described in the petition as the "north fractional half (left bank of the Gasconade river), of section 30, township 41, range 8." It was tried upon the petition and answer of the defendant Ray James, to which there was no reply. The substance of the answer (after denying the allegations of the petition except as in the answer admitted) is that the said defendant has been informed and believes that the land which the plaintiff claims to own and seeks to recover is a piece of land some fifty acres in extent in section 30, township 41, range 8, on the south side of the Gasconade river, and on the inside of a field owned by the said defendant and of which he and his ancestors and their grantors have been in the open, notorious, continuous, adverse, and peaceable possession for more than forty years, claiming title thereto under patents from the United States conveying to them the south half of section 30, township 41, range 8, and which was occupied by his tenants at the time this suit was commenced, one of whom was his codefendant, William Haynes. It appears from the undis-

puted evidence on the trial, that on the first day of June, 1882, a patent from the United States issued conveying to George Franklin the land described in the petition as "the north fractional half (left bank of the Gasconade river) of section 30, township 41, range 8," and that the plaintiff had acquired *that* title to four sixths of *that* land, and that the defendant Ray James had acquired the government title to *the south half of section 30, township 41, range 8.*

As to these titles of the parties respectively, there was really no dispute. The serious and vital question in the case was the location of the dividing line between the north fractional half, and the south half of said section 30, both lying south of the Gasconade river, by which would be determined the primary and main question, whether any, and if so what part, of the defendant's closed field of about one hundred acres, referred to in his answer, was within the boundaries of said north half? The plaintiff claimed that some of it was; the defendant denied that any of it was within those boundaries, and until this issue was determined, no intelligent inquiry and determination could be had of the further issues in the case. This issue was not intelligibly submitted to the jury by the only instructions on this branch of the case, which are as follows:

"Under the evidence the jury is authorized to find for plaintiff as to any certain undivided interest that they believe he may be entitled to, which can in no event exceed under the evidence four-sixths.

"If the jury find for the plaintiff the verdict will be for the amount of the land in possession of the defendants not exceeding an undivided four sixths as shown by the evidence, and assess his damages at the amount you believe he has sustained, under the evidence, not to exceed $500, and that the monthly rents and profits are valued at $—— per month. The

damage to be assessed is the amount of the value of the rents and profits from the second day of January, 1894, to this date."

The issue was not determined by the verdict, which is as follows:

"We, the jury, have rendered a verdict in favor of plaintiff for the undivided four sixths of all of the north half of section 30, township 41, range 8, south of the Gasconade river as described in patent; also damages to amount of $50 and damages and rent at $2.50 per month from date."

Nor was it adjudicated by the judgment of the court thereon, which is as follows:

"It is therefore considered by the court that the plaintiff recover of defendant the possession of the lands in the petition described as follows, to wit: The undivided four-sixths of the north half of section thirty (30), in township forty-one (41), of range eight (8), south of the Gasconade river, together with the sum of two and $\frac{50}{100}$ dollars, the monthly value of said premises from the date of this judgment until the said plaintiff be restored to the possession of said lands and tenements, and it is further ordered and adjudged that plaintiff be awarded a writ of restitution, and that he have and recover of defendant his costs and charges in this suit laid out and expended and have execution therefor."

The boundaries of the land really in dispute are not indicated by anything contained in the verdict or judgment, and an execution upon this judgment would afford no guide whatever to the officer seeking to execute it, as to what land in the possession of the defendant he was to restore to the possession of the plaintiff, and not being susceptible of intelligent execution, ought to be set aside.    *Robertson v. Drane*, 100 Mo. 273.

The judgment will therefore be reversed and the cause remanded to the circuit court for trial. All concur.