## J. H. ROTTMAN DISTILLING COMPANY, Respondent, v. P. R. VAN FRANK, Appellant.

### St. Louis Court of Appeals, March 4, 1901.

1. **Continuance:** PRACTICE, TRIAL: PRACTICE, APPELLATE. Whether or not a continuance will be granted, is discretionary with a trial court, but the discretion is judicial and subject to review.

2. ———: ———. In the case at bar, the refusal of a continuance to defendant practically prevented him from making any defense, and the continuance should have been granted.

Appeal from Cape Girardeau Court of Common Pleas.—*Hon. F. E. Burroughs,* Judge.

REVERSED AND REMANDED.

*Robert L. Wilson* for appellant.

The appellate court will reverse a case where the trial court has exercised unsound judicial discretion in overruling an application for continuance. Barnum v. Adams, 31 Mo. 532; McLane v. Harris, 1 Mo. 700; Tunstall v. Hamilton, 8 Mo. 501. In an application for a continuance, if the affidavit shows materiality of the evidence on the trial of the cause and proper diligence has been used, then to refuse a continuance would be an exercise of unsound discretion. The Supreme Court has said, "If there were any circumstances that induced the court to refuse a continuance, they were perhaps to be found in the fact, that two continuances had been previously made in the same case, and one of them at the instance of the same party. But I can not think that even this indulgence

should deprive a party of his legal rights, when his affidavit shows the materiality of the evidence, and degree of diligence that could be expected.   The court should have given the party an opportunity of getting his testimony," and for overruling the application the case was reversed.   Moore et al. v. McCullough, 6 Mo. 444.

*R. H. Whitelaw* for respondent.

A motion for a continuance is addressed to the sound discretion to the court where the trial is had.   And a refusal of the court to grant a continuance is entitled to every intendment in its favor.   King v. Pierce, 49 Mo. 222; Loebe v. Goode, 67 Mo. 136; State v. Maddox, 117 Mo. 667; State v. Parker, 106 Mo. 217; State v. Banks, 118 Mo. 117.   The unavoidable absence of a party furnishes no ground for a continuance when it does not appear that he was a material witness for himself and that it was impossible to take his deposition before the trial.   Hurck v. St. Louis Exposition, 28 Mo. App. 629.

GOODE, J.—This was an action of assumpsit for the price of certain liquors sold by the plaintiff, it is alleged, to the defendant, but whether the defendant bought them is the fact at issue.   It is claimed on behalf of the respondent that they were purchased by one Frank H. Dunlop for the defendant.   His authority to make the purchase in Van Frank's behalf is contested.   It is needless to go into the facts further, for we think the judgment must be reversed on account of the action of the court below in refusing to grant the appellant a continuance.   He was served with summons in the action the twenty-first day of December, 1899, returnable January 25, 1900.   About the same time he went to Springfield, Missouri,

to visit a daughter who resided there. It appears from one of his letters that he was in Springfield on December 20, but this date must be a mistake if the abstract of the record is correct in stating that service was had on the twenty-first.

The defense of the case was placed in the hands of appellant's counsel with instructions to watch the matter and let him know when to appear. His counsel telegraphed him to be in Cape Girardeau on February 3, as the case was set for the following day. On January 31, appellant answered the telegram saying that he was unwell, threatened with pneumonia and unless he was better by the next day he would be unable to undertake the journey to Cape Girardeau. He followed this letter with a telegram on February 2, stating that he was too ill to leave and asking that the case be continued. When it was called for trial his attorney made an affidavit in due and legal form setting out the foregoing facts and further that the defendant if present would testify he never bought the liquors in controversy, nor authorized any one else to buy them, that the plaintiff never sold him any merchandise or sold any other person at his instance or request or by his authority.

The materiality of what the affidavit states Van Frank would testify is obvious; it goes straight to the heart of the controversy. Whether or not a continuance will be granted is discretionary with a trial court, but the discretion is judicial and subject to review. Hanel v. Freund, 17 Mo. App. 622; Blanchard v. Hunt, 18 Mo. App. 284; Hurch v. Association, 28 Mo. App. 629. It is true all intendments will be indulged in favor of the correctness of the exercise by the lower court of the discretion, which will not be interfered with save when it is clear it has been abused. Jones v. Insurance Co., 55 Mo. 345; Griffin v. Veil, 56 Mo. 311. Nor is the unavoidable absence of a party always ground for continuance. Hurck v.

Exposition Co., 28 Mo. App. 628. Conceding all these propositions so earnestly insisted on by the respondent, we are still unable to approve of the action of the court in refusing to continue this case. The appellant was shown by the application to be an aged man, past seventy. He was on a visit to one of his children. This visit was not rashly undertaken after he was notified of the suit against him, because there was ample time for him to pay it and return before the cause would come on for trial. The application and the exhibits attached thereto show that he was not neglectful of his interests, but intended to be present and make a defense. His attorney was directed to inform him of the day for which the cause was set down, and did so. When he received the notification he was ill, threatened with pneumonia. It would have been extremely dangerous for a man of his years to undertake a trip across the State in such a condition, and his request for a postponement was perfectly reasonable. The refusal of it practically prevented him from making any defense and should have been granted. In view of these circumstances, the importance of the appellant's testimony and the character of all the evidence in the record, it is plain that injustice was done by overruling the application.

The judgment is reversed and the cause remanded. All concur.