**James Jewell ANDERSON, Appellant,**

v.

**Judy L. ANDERSON, Respondent.**

**No. WD 34783.**

Missouri Court of Appeals,
Western District.

April 24, 1984.

Lester E. Adams, Jr., Kansas City, for appellant.

T.K. Thompson, Kansas City, for respondent.

Before SHANGLER, P.J., and KENNEDY and LOWENSTEIN, JJ.

PER CURIAM.

This is an appeal from a final judgment in a dissolution of marriage case. Defendant did not show up for trial of the dissolution case on March 14, and the judgment was granted on petitioner wife's evidence. Defendant was not represented by counsel at the trial. The case had been set for trial on that date since January 11.

Appellant's only point on appeal is that the court abused its discretion in denying a continuance applied for by his attorney, Mr. Holdsworth, in a motion made contemporaneously with the attorney's withdrawal from the case four days before trial, and in denying a continuance requested orally by appellant's father in appellant's behalf on the morning of the trial. Appellant's father told the court that his son was in Wadsworth Hospital, in the cardiac ward. Although the case had been pending a considerable time, it had never been set for trial before and had never been continued.

The earlier application for continuance, made by the withdrawing attorney, was only to allow appellant to secure new counsel and was not based upon appellant's hospitalization.

Mr. Holdsworth's motion to withdraw had been granted on March 10 and the continuance was denied the same date. The attorney's motion to withdraw and the motion for continuance, with notices of a

March 10 hearing thereon, had been hand-delivered to appellant on March 8, the date they were filed in court. One of the grounds alleged in the motion for permission to withdraw was that the defendant had failed to appear for a deposition which had been arranged for March 8. This failure of defendant to show up for the deposition apparently triggered Mr. Holdsworth's pullout.

While the trial judge has a considerable discretion in granting or denying continuances, it seems to us that the trial judge in this instance should have granted the defendant a continuance and that his failure to do so requires a reversal and a remand of this case for trial.

The record is sparse and far from satisfying, but it is clear that defendant's attorney had withdrawn only four days before the trial date. Those four days included a Saturday and a Sunday. Defendant's father told the trial judge that the defendant "didn't receive this letter of the dismissal by his lawyer until Saturday."

Appellant's father also told the trial judge at the trial that appellant had entered the hospital on March 10 and was still there on the trial date. (This statement by the father was supported by a written statement from the hospital later filed in the court file.) Appellant had had very little opportunity to get an attorney who could even present his application for continuance in the regular way prescribed by Supreme Court Rule 65.03, let alone make preparation for a trial of a contested dissolution case.

This combination of circumstances, the recent withdrawal of appellant's attorney and appellant's hospitalization (thus foreclosing opportunity to employ another attorney in time for the scheduled trial), together required the granting of a continuance for a reasonable length of time. See *Harms v. Simkin*, 322 S.W.2d 930, 933 (Mo.App.1959), and *see generally Albi v. Reed*, 281 S.W.2d 882, 886 (Mo.1955), 17 C.J.S. Continuances, Secs. 23 and 29a.

Judgment reversed, and the cause is remanded for a new trial.