Jerry and Meri Ellen **ALLEN**, Plaintiffs–Respondents,

v.

Robert and Maryetta **WELCH**, Defendants–Appellants.

No. 55192.

Missouri Court of Appeals, Eastern District, Northern Division.

May 23, 1989.

Branson L. Wood, Hannibal, for defendants-appellants.

Charles Levering Hickman, Ely, Cary, Welch & Hickman, Hannibal, for plaintiffs-respondents.

CRANDALL, Judge.

Defendants, Robert C. Welch and Maryetta L. Welch, appeal from a judgment, entered pursuant to a jury verdict, in favor of plaintiffs, Jerry Wayne Allen and Meri Ellen Allen, in an ejectment action. We reverse.

Plaintiffs and defendants owned adjoining properties. The northern boundary of plaintiffs' property formed the southern boundary of defendants' property. On the basis of a survey of their property, plaintiffs determined what they thought to be the location of the common boundary line. Defendants, however, informed plaintiffs that they believed the line to be approximately 20 to 25 feet south of the boundary established by the survey. There was no evidence that defendants performed any acts of possession consistent with their statement concerning the location of the boundary line.

Plaintiffs filed an ejectment action on September 7, 1987. After a trial, the jury returned a verdict in favor of plaintiffs for possession of the premises and assessed $1.00 in actual damages against defendants. Judgment was entered pursuant to that verdict.

Defendants' sole point on appeal is that possession[1] is a requisite element in an ejectment action and plaintiffs failed to prove that defendants were in possession of plaintiffs' premises on the date the action was filed. Plaintiffs concede there was no physical possession of the disputed area by defendants. They argue, nonetheless, that physical possession of the property by defendants is unnecessary and that ejectment lies when the sole issue involves the location of a boundary line between two properties.

We acknowledge the general rule, as expressed in *Albi v. Reed,* 281 S.W.2d 882, 885 (Mo.1955), that ejectment is the appropriate remedy for the determination of a boundary line. The *Albi* case, however, does not dispense with the element of defendants' possession of the disputed premises. In *Albi* the defendant removed an existing division fence and built a new fence encroaching upon plaintiff's property. *Id.* at 883. Defendant in the *Albi* case was therefore in possession of the real estate at the time plaintiff commenced the ejectment action. Ejectment was the proper remedy under those circumstances. The *Albi* case is distinguishable from the in-

1. Possession is defined as the detention and control, or the manual or ideal custody, of anything which may be the subject of property, for one's use and enjoyment, either as owner or as the proprietor of a qualified right in it, and either held personally or by another who exercises it in one's place and name. A person who knowingly has direct physical control over a thing, at a given time, is in actual possession of it. A person who, although not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it. Black's Law Dictionary 1047 (5th ed. 1979).

stant case because, at the time plaintiffs brought the present action, defendants were not in possession of the property claimed.

Missouri holds to the view that possession is an element of an ejectment action. Section 524.080, RSMo (1986) provides that in order for plaintiff to recover in ejectment, plaintiff must show that, "at the time of the commencement of the action, the defendant was in possession of the premises claimed, and that the plaintiff had such right to the possession thereof...." MAI No. 27.01 requires the jury to find as the first element of an ejectment action that "defendant was in possession of the premises claimed by plaintiff on (*state the date action for ejectment was commenced*)...." Case law reiterates this position. *See Laclede Land & Improvement Co. v. Epright,* 177 S.W. 386, 387 (Mo. 1915); *Bimmerle v. Langdeau,* 167 S.W. 532 (Mo.1914). In the present case, plaintiffs' verdict director also requires the jury to find that "defendants were in possession of a portion of the premises claimed by plaintiffs on September 9, 1987...." Further, the remedy in a successful ejectment action would be, as the name implies, the removal of defendants from plaintiffs' land. It is axiomatic that, if defendants are not in possession of the premises in dispute, it would be impossible to eject them from that property.

 We hold that possession is an essential element in an ejectment action. Because there was no evidence of that element in the instant action, the judgment is not supported by the evidence.

The judgment of the trial court is reversed.

PUDLOWSKI, P.J. and GRIMM, J., concur.