## JOSEPH McKNIGHT, Respondent, *v.* F. WATKINS, Appellant.

### June 4, 1878.

1. Where A. and B. contract, the fact that C. had an interest therein by reason of an agreement between him and A., to which B. was not a party, does not make C. a proper party plaintiff in an action on the contract against B.

2. Tender is not necessary where, after the sale, the vendee states to the vendor that he will not receive the articles purchased.

APPEAL from St. Louis Circuit Court.
*Affirmed.*

HUDGENS & DAVIS, for the appellant, cited: *Rainey* v. *Smizer*, 28 Mo. 310; *Clark* v. *Cable*, 21 Mo. 223; *Lane* v. *Dobyns*, 11 Mo. 105.

LEWIS, P. J., delivered the opinion of the court.

Plaintiff sued before a justice of the peace on an account for thirty centre-pieces which were to be used in the plastering of six houses belonging to defendant. The amount of the account was $135, with a credit of $75 paid, leaving

a balance due of $60. Plaintiff obtained judgment before the justice, and, on the defendant's appeal to the Circuit Court, a jury found for the plaintiff the amount claimed, with interest. The court required the plaintiff to remit one-half of his recovery, which was done.

The plaintiff's testimony tended to show that one Pohlman had contracted with defendant to do the plain plastering of his houses, and had finished the job; that Pohlman and defendant went together to the plaintiff's shop to select centre-pieces, when defendant agreed with plaintiff for thirty pieces, at the prices charged in the account; that it was agreed between the plaintiff and Pohlman that plaintiff should make the centre-pieces, and Pohlman should put them up in defendant's houses, whereupon plaintiff would pay to Pohlman one-half of what he should receive from the defendant. Eighteen of the pieces were put up, amounting to $75. Pohlman and plaintiff together called on defendant with an account of the work done, and defendant paid it with a check given to Pohlman. Nothing was said at this time about the centre-pieces yet unfurnished. The money was drawn on the check, and divided according to the agreement above mentioned. About two weeks later, plaintiff met defendant on the street and asked him, "What about them other centre-pieces?" Defendant answered that he "didn't want any more, and had taken all he intended to." Plaintiff had then made the remaining twelve pieces, and had them at his shop. They were of no use to him, and had never been taken to defendant's houses.

The defendant's testimony was contradictory of the plaintiff's in several particulars. As to these the verdict of the jury concludes the inquiry.. The questions before us arise upon the instructions given and refused.

On the part of the defendant, it is contended that the plaintiff has shown no right of recovery, because of the non-joinder of Pohlman with him. There was nothing in

the testimony to authorize the instruction asked for to that effect. The defendant testified that his contract was with Pohlman alone, and that he did not know the plaintiff in the matter at all. The plaintiff's testimony, on the other hand, was to the effect that the defendant's contract was solely with the plaintiff, and that Pohlman's interest was the result of a private understanding between him and the plaintiff, to which the defendant was not a party and in which he had no concern. It thus appeared on neither side that Pohlman and the plaintiff held, or claimed to hold, a joint demand against the defendant. According to the instructions given, it is manifest that the jury found that the agreement for the centre-pieces was made between the plaintiff and defendant alone.

Another point made by the defendant is that the plaintiff made no such tender of the remaining centre-pieces as should entitle him to a recovery. No actual tender was necessary under the circumstances of the case. The defendant, by his refusal to take any more of the articles, made it known to the plaintiff that a tender, if made, would be refused. In any such case a tender is unnecessary. *Deichmann v. Deichmann*, 49 Mo. 107. It would be an extravagant requirement that the plaintiff should haul the centre-pieces to the defendant's houses, only to have them ordered back again.

· Defendant complains that the plaintiff's counsel, in his opening and closing arguments to the jury, informed them that the plaintiff had recovered before the justice of the peace. This was an impropriety belonging to a class which trial courts are rarely able to prevent, though they may reprehend them when committed. It cannot be a ground for reversal. Few judgments would stand if every such irregularity were to be treated as error.

Finding in the record no cause for a reversal, we must affirm the judgment. All the judges concur.