ROBERT NICHOLS, Respondent, v. THE HEADLEY GROCER COMPANY, Appellant.

St. Louis Court of Appeals, April 21, 1896.

1. **Practice, Appellate**: REFUSAL OF CONTINUANCE BY TRIAL COURT. While the granting or refusal of an application for a continuance is to a great extent within the discretion of the trial court, still the discretion is judicial in its character and subject to review on appeal. And where a party uses due diligence to procure material testimony and fails, and the trial court nevertheless refuses to grant him a continuance on proper application therefor, such action of the court is ground, on appeal, for the reversal of the judgment.

2. ———: ———: WAIVER OF NECESSITY FOR FORMAL APPLICATION. A party who applies for a continuance need not present a formal application therefor, when he is informed by the trial court in advance that it would be useless for him to do so.

*Appeal from the Lawrence Circuit Court.*—HON. J. C. LAMSON, Judge.

REVERSED AND REMANDED.

*Love & Johnson* and *Edward J. White* for appellant.

The court's error in refusing to permit the appellant to file an application for a continuance, on account

of the absence of a material witness for whom the
court had issued an attachment not yet returned, was
such an abuse of the court's judicial discretion as to
entitle the appellant to a reversal of the cause.    The
granting or refusing a continuance is a matter largely
in the sound discretion of the court, but being a judi-
cial discretion, is a proper subject for review.    *Alt v.
Grosclose*, 1 Mo. App. 645;    *Tunstall v. Hamilton*, 8 Mo.
500;    *Barnum v. Adams*, 31 Mo. 532;    *State v. Lewis*,
74 Mo. 222;    *State v. Anderson*, 96 Mo. 241;    *Barlow v.
Campbell*, 56 Mo. 117;    *Lebow v. Goode*, 67 Mo. 126.

*William B. Skinner* for respondent.

ROMBAUER, P. J.—The action is replevin.    In the
trial court the plaintiff recovered judgment for posses-
sion and damages.    The defendant appeals, and assigns
for error, among other things, the refusal of the court
to permit it to file its application for a continuance and
to entertain a motion for a continuance.

The record discloses the following facts:    The
cause was called for trial in the absence of defendant's
attorney, who had charge of the case.    Another attor-
ney acting for him informed the court that there was
some understanding between counsel that the trial of
the cause would be postponed until the return of the
attorney in charge of the case, to which the court very
properly replied that it could pay no attention to agree-
ments of counsel but would proceed with the trial of
the cause.    The attorney thereupon informed the court
that one of the defendant's witnesses, who had been
duly subpoenaed, was absent;    that an attachment
which was issued for the witness had not been returned,
and that he was not prepared to go to trial without the
absent witness.    The court thereupon ordered a jury
to be called.    Before the jury was impaneled, the

attorney appearing for the defendant requested leave
to prepare and file a formal application for a contin-
uance on account of the absent witness, to which the
court replied: "You can not file an application suffi-
ciently strong, nor could you make a sufficient showing
of diligence to obtain a continuance." Thereupon the
court renewed its order to the sheriff to get a jury, and
the attorney representing the defendant withdrew from
the case. The cause was tried, the defendant not being
represented, with the result above stated.

After verdict, and accompanying its motion for
new trial, the defendant's regular attorney tendered
a formal affidavit for a continuance, and, the counsel
for plaintiff in open court consenting that it might
be done, he prayed that such affidavit should be consid-
ered filed as of the day of trial. This affidavit, which
is preserved in the transcript, shows sufficient diligence,
and shows that the testimony of the absent witness
was material, and complies in other respects with the
statutory requirements of an affidavit. The court
refused to permit the affidavit to be filed as of the day
of trial, but ordered it to be filed as of the date of its
actual filing, at which time, of course, it could perform
no office whatever, besides disclosing its contents.

While it is well settled that the granting of a con-
tinuance is to a great extent within the discretion of
the trial court, it is equally well settled that such dis-
cretion is judicial in its character and subject to review
on appeal. It was decided in *McLane v. Harris*, 1 Mo.
700, that, where a party uses due diligence to procure
testimony and fails, and the trial court refuses a con-
tinuance on proper application, the appellate court will
reverse the judgment on that ground alone. It is for
the appellate court in such cases to determine whether
the facts disclosed show sufficient diligence, and
whether the testimony of the absent witness was

material. *Barnum v. Adams*, 31 Mo. 534; *State v. Lewis*, 9 Mo. App. 321; s. c., 74 Mo. 222; *State v. Anderson*, 96 Mo. 241.

Nor can it be said that the appellant was bound to produce and tender its written application for a continuance after it was informed by the court, in substance, that any application it would make would be unavailing. The rule in this state is that, where it clearly appears that a tender, if made, would have been unavailing, the showing of a tender is not essential. *McKnight v. Watkins*, 6 Mo. App. 118; *McManus v. Gregory*, 16 Mo. App. 375; *Harwood v. Deimer*, 41 Mo. App. 49. The record fails to disclose any facts by which the trial court could justly determine that the defendant had failed to use due diligence, while the affidavit subsequently made indicates that the application was made in good faith, and that the applicant had used due diligence to procure the attendance of the witness. Since the testimony of the witness, as disclosed by the affidavit, was clearly material, we must conclude that the court erred in not entertaining the application. Judgment reversed and cause remanded. All the judges concur.