**Patricia A. WEBB, Plaintiff-Appellant,**

v.

**James J. WEBB, Defendant-Respondent.**

**No. 33934.**

St. Louis Court of Appeals,
Missouri.

Dec. 23, 1971.

Richard P. Nangle, St. Louis, for plaintiff-appellant.

Aubuchon & Walsh, Eugene P. Walsh, St. Louis, for defendant-respondent.

JAMES RUDDY, Special Judge.

This appeal arises from an Order of the Circuit Court sustaining Respondent's Motion to Quash or Set Aside a Writ of Sequestration issued on a judgment for child support in the amount of Three

Hundred Dollars ($300.00). It was submitted to this Court on an agreed statement of facts.

On January 2, 1967, Appellant, Patricia A. Webb, obtained a divorce from Respondent, James J. Webb. Appellant was granted custody of the minor children of the parties; namely, William, Susan and Stephen. Under the terms of the decree Respondent was ordered to pay to Appellant the sum of $40.00 per month for the support of William, and the sum of $30.00 per month each for the support of Susan and Stephen.

Respondent made payments to the Appellant in the amount of $100.00 per month from January of 1967 through January of 1970.

William, the oldest of the minor children, became twenty-one (21) years of age on January 11, 1969. Therefore, Respondent's obligation to support him ceased by operation of law on said date. However, Respondent continued to pay Appellant the sum of $100.00 per month after January 11, 1969 and through January of 1970, when he ceased making child support payments altogether. Thereafter, an execution was issued on said decree and returned unsatisfied. Subsequently, the Writ of Sequestration was issued and served on the Treasurer of the City of St. Louis, levying on all wages of Respondent, since Respondent was employed as a fireman for the City of St. Louis. Appellant's affidavit alleged an amount of Three Hundred Dollars ($300.00) as being due and owing. However, by agreement of the parties, this amount should have been One Hundred and Eighty Dollars ($180.00).

At the hearing on the Motion to Quash the Writ of Sequestration Respondent testified that there had been very little communication between him and Appellant since the decree of divorce and that there had been no agreements or arrangements between them concerning the method of or manner of making the child support payments.

Respondent claims credit for $480.00, representing the additional $40.00 per month paid by him after William became twenty-one from January of 1969 through January of 1970. He further contends that this amount constitutes advance payments under which he was to pay Appellant the sum of $60.00 per month for the support of Susan and Stephen.

Appellant contends that there was no agreement or contract between them modifying the divorce decree and that the excess payments constitute voluntary payments by the Respondent.

On June 25, 1970, the Circuit Court entered an Order sustaining Respondent's Motion to Quash or Set Aside the Writ of Sequestration.

We cannot agree with the action of the trial court in sustaining the Motion to Quash or Set Aside the Writ of Sequestration. Strict compliance with the terms of the divorce decree should be adhered to by all parties, absent any agreement to the contrary. There was no agreement between the parties here other than that specified in the divorce decree. From all appearances, there was no communication between the parties during the alleged period of overpayment from January of 1969 to January of 1970. It further appears that the overpayments were a voluntary payment by Respondent of $40.00 per month over and above that which he was required to pay under the terms of the divorce decree. He cannot now be heard to say that the voluntary overpayments should be credited to future child support payments of Susan and Stephen.

Missouri law would allow a credit under proper and equitable circumstances, M——— v. M———, Mo.App., 313 S.W. 2d 209. Whether or not the father is entitled to credit on the arrears. of a child support judgment for payments made on behalf of the child depends on the circumstances under which the payments are made. M——— v. M———, supra. "A father who makes overpayments for several

**136**

months because of his erroneous interpretation or recollection of the terms of a contract for child support which was approved by the divorce court is not entitled to recoup his overpayments by paying lesser sums in the future and claiming a setoff." 24 Am.Jur.2nd, Sec. 872, p. 993. In the instant case, there is no evidence of any mistake or misunderstanding on the part of either party. The overpayment can be interpreted as nothing more than a voluntary payment on the part of the Respondent. Therefore, it is clear that he should not be allowed to claim credit on future child support payments for voluntary overpayments in the past. "Decrees for child support should be strictly complied with and credit should not be allowed for overpayments voluntarily made." Wills v. Glunts, 222 Ga. 647, 151 S.E.2d 760, 1.c. 762[2].

Appellant further asks that this Court award her a reasonable sum for her attorney's fee and expense in prosecuting this appeal. This Court has no jurisdiction to make such award. Neustaedter v. Neustaedter, Mo.App., 305 S.W.2d 40, 1.c. 45[10]. The only court which can make an Order on the husband to pay the wife's costs and attorney's fees incident to the prosecution of an appeal in a divorce action is the Circuit Court, and this is true whether the case be pending in the Circuit Court or the Appellate Court. McCormack v. McCormack, Mo.App., 238 S.W.2d 858, 1.c. 864[13]. Therefore, Appellant's request for an allowance of attorney's fees and expenses on appeal is denied.

For the reasons stated herein, it is the Order of this Court that this cause be remanded to the Circuit Court and that the Order of the Circuit Court sustaining the Motion to Quash or Set Aside the Writ of Sequestration is hereby set aside and the Writ of Sequestration in the amount of One Hundred and Eighty Dollars ($180.00) is hereby reinstated with the right to levy thereon.

BRADY, P. J., and WOLFE, J., concur.

DOWD, J., not participating.