Thomas O'BRIEN, Appellant,

v.

SUN LIFE ASSURANCE COMPANY OF CANADA, a corporation, Respondent.

No. 41181.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 16, 1979.

Lawrence O. Willbrand, St. Louis, for appellant.

John P. Emde, St. Louis, for respondent.

CRIST, Judge.

Claim for benefits under disability insurance policy.

Thomas O'Brien, plaintiff/appellant, suffered a heart attack and was unable to work for ten months. He initiated this suit, claiming benefits under a disability insurance contract he entered into with Sun Life Assurance Company, defendant/respondent. Defendant contested plaintiff's right to benefits under the policy and filed a counterclaim for declaratory judgment that the policy was void.

Defendant contends the illness first manifested itself when the policy had lapsed and had not yet been reinstated, plaintiff did not comply with the condition of giving defendant notice of the illness within thirty days of its inception, and the policy was void because of misrepresentation by plaintiff in his application for reinstatement.

The trial court dismissed the jury and awarded defendant a directed verdict at the close of plaintiff's case, finding the illness manifested itself prior to reinstatement and plaintiff had not given the defendant the required notice. The court then heard and sustained defendant's counterclaim finding the illness had manifested itself prior to reinstatement and plaintiff had misrepresented a material fact. We affirm.

Defendant issued the policy to plaintiff in 1971. The policy provided benefits of $500.00 per month for disability of plaintiff. Premiums were due semi-annually. The policy had previously lapsed for non-payment of the January, 1974 premium, but was thereafter reinstated on application of plaintiff.

The policy again lapsed for non-payment of the January, 1975 premium. On February 7, 1975, plaintiff suffered pains in his left chest, shoulder, and arm. He received emergency treatment at the Jacksonville, Illinois Hospital. Plaintiff mailed his January, 1975 premium on February 13, 1975,— thirteen days late. On February 27, 1975, defendant notified plaintiff that his policy had lapsed, and a certificate of insurability was required for reinstatement.

On March 17, 1975, plaintiff had chest pains. He called his doctor about the chest pains on March 18, 1975. He was examined by Drs. Leahy and Kistner on March 27, 1975, at which time plaintiff related that he had had chest pains for four to six weeks. He was on that date admitted to the intensive care unit at St. John's Mercy Hospital as a heart patient.

On the day he was admitted to the hospital, plaintiff asked his brother to take care of his reinstatement of insurance form. The next day plaintiff signed the form in blank at the hospital. His brother took the form to defendant's licensed insurance agent. This agent completed the blanks with all negative health answers and mailed the form to defendant.

Plaintiff's January, 1975 premium check was cashed on April 7, 1975. The record is not clear as to whether or not defendant had received the reinstatement form on, before, or after April 7, 1975.

On June 24, 1975, defendant cashed plaintiff's check for his July, 1975 semi-annual premium. On July 10, 1975, plaintiff received a letter from defendant advising that the policy was in full force and effect.

On July 15, 1975, defendant received plaintiff's preliminary notice for benefits beginning March 27, 1975, by reason of plaintiff's heart attack. On July 22, 1975, defendant received plaintiff's formal claim. This was defendant's first notice of plaintiff's history of heart trouble beginning on or about February 7, 1975.

Plaintiff had open-heart surgery on September 11, 1975. He returned to work in February of 1976. Defendant sent plaintiff a check refunding his January and July, 1975 semi-annual premiums. The check was refused by plaintiff and defendant then paid such refund to the circuit clerk. The trial court ordered this refund repaid to plaintiff.

Plaintiff contends: (1) defendant waived its right to require insurability by cashing his check on April 7, 1975; and (2) the trial court should have permitted plaintiff to dismiss without prejudice at the conclusion of plaintiff's evidence. Neither of such contentions has any merit. If the policy was reinstated, it covered only loss resulting from such sickness which first manifested itself more than ten days after reinstatement. *Freedman v. Mutual Benefit Health & Accident Association*, 119 S.W.2d 1017, 1020 (Mo.App.1938). Plaintiff's petition and defendant's counterclaim were so interwoven that the trial court probably did not abuse its discretion in refusing plaintiff permission to dismiss at the close of his evidence. But even if the trial court should have dismissed plaintiff's petition, the trial court's findings on defendant's counterclaim that plaintiff's illness commenced prior to reinstatement would prevent any later recovery by plaintiff. *Stubblefield v. Seals*, 485 S.W.2d 126, 130 (Mo.App.1972).

Finally, plaintiff's points relied on were not preserved in a motion for new trial. There was nothing preserved for appellate review. An erroneously directed verdict is an error which must be raised in a motion for new trial. *McMahon v. Charles Schulze, Inc.*, 483 S.W.2d 666, 667 (Mo.App. 1972). We may, but are not required to do so, review on plain error. *Williams v. Southern Pacific Railroad Co.*, 338 S.W.2d 882, 883 (Mo.1960); Rule 84.13(c). We hold there was no manifest injustice to plaintiff.

Judgment affirmed.

REINHARD, P. J., and GUNN, J., concur.