Billy OVERFIELD and Frances Over-
field, his wife, Plaintiffs-Appellants,

v.

Loman A. GARNER,
Defendant-Respondent.

No. 10894.

Missouri Court of Appeals,
Southern District,
Division Three.

Feb. 21, 1980.

Robert M. Ramshur, Lorch & Ramshur, Piedmont, for plaintiffs-appellants.

Jim S. Green, James M. Hux, Hux & Green, Sikeston, for defendant-respondent.

MAUS, Judge.

In this action the plaintiffs seek to recover damages by reason of the defendant's breach of an alleged contract to exchange real estate. By their third amended petition the plaintiffs alleged a contract for the exchange of a farm owned by the plaintiffs for two lots (the evidence established one was improved with a dwelling) owned by the defendant and the defendant agreed to pay plaintiffs $55,000 "in money and other property". A jury was impanelled but at the close of the plaintiffs' evidence the defendant's motion for a directed verdict was sustained. The plaintiffs appeal but did not file a motion for a new trial. "An erroneously directed verdict is an error which must be raised in a motion for new trial to be preserved for review." *McMahon v. Charles Schulze, Inc.*, 483 S.W.2d 666, 668 (Mo.App.1972). Also V.A.M.R. Civil Rules 78.07 and 84.13(a); *Williams v. Southern Pacific Railroad Co.*, 338 S.W.2d 882 (Mo. 1960); *C & O Distributing Company v. Milner Hotels*, 305 S.W.2d 737 (Mo.App.1957).

 Nevertheless, the court has considered the plaintiffs' allegations of error under the plain error rule. Rule 84.13(c). The plaintiffs assert the trial court erred because they proved an agreement and its breach, the statute of frauds is an affirmative defense, and it was error to require the plaintiffs "to negate the defendant's affirmative defense" of the statute of frauds. It is difficult to glean from the record evidence to support the agreement pleaded. However, Billy Overfield did testify that the agreement was that the defendant would receive the farm and he would receive the two lots and $6,500. Without contradiction, the record establishes this was an oral agreement reached before the plaintiffs and defendant signed a written contract. This written contract was offered and admitted in evidence as part of the plaintiffs' case. The written contract is a completed form entitled "Contract for the Sale of Real Estate". As completed, it provides the defendant will sell and the plain-

tiffs will buy "All of Lots [sic] 15" for $45,000 with $500 being paid down and upon closing the plaintiffs were to pay the balance "by delivering to the Seller $44,500 trade or in cash." At trial the plaintiffs urged this written contract was a part of the overall agreement that was pleaded. Even assuming that to be true, that does avoid the bar of the statute of frauds in respect to the agreement under which the plaintiffs seek to recover. "To satisfy the statute of frauds the entire agreement must be in writing and a contract which is partly in writing and partly oral is treated as a verbal contract 'in determining whether the contract is within the inhibition of the statute of frauds.' " *Frostwood Drugs, Inc. v. Fischer & Frichtel Const. Co.*, 352 S.W.2d 694, 698 (Mo.1961). Also see 72 Am.Jur.2d Statute of Frauds, § 297, p. 815. It is not error for a trial court to direct a verdict for a defendant when the plaintiff's evidence establishes recovery is barred by an affirmative defense such as bankruptcy, contributory negligence, the statute of limitations or the statute of frauds. *Torrey v. Hardy*, 196 S.W. 1100 (Mo.1917); *Bambrick v. Bambrick*, 157 Mo. 423, 58 S.W. 8 (1900). In this case the defendant did plead the defense of the statute of frauds. The uncontroverted evidence established the agreement under which the plaintiffs sought to recover was for the "sale of lands, tenements [or] hereditaments" within the meaning of § 432.010 RSMo. Considering the evidence most favorably to the plaintiffs, at least a substantive part of that agreement was oral and the pleaded agreement was within the inhibition of the statute of frauds. The trial court did not err in directing a verdict for the defendant.

BILLINGS, P. J., and GREENE and PREWITT, JJ., concur.