**MAJ INVESTMENT CORPORATION,**
**Appellant,**

v.

**Sandra D. WERSCHING, Respondent.**

**No. 42363.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 16, 1980.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 13, 1981.

Application to Transfer Denied
April 6, 1981.

S. Dana Stiebel, St. Louis, for appellant.

Toby Hollander, Hollander & Vaughan, St. Louis, for respondent.

CRIST, Presiding Judge.

Action by appellant (hereinafter "lessor") for rentals under a lease and counterclaim by respondent (hereinafter "lessee") for failure to provide proper heat for lessee's plants and for conversion of lessee's property. The trial court directed a verdict for lessee on lessor's petition and on lessee's counterclaim. We affirm.

In September of 1975, the parties entered into a one year lease of the premises at 6352–54 Delmar. The term of the lease was December 1, 1975 to November 30, 1976 at a rental of $3,000.00, payable in installments of $250.00 monthly. The lease further provided for:

(1) The premises to be used as a plant shop,

(2) ten days written notice to cure any default or breach by lessee prior to any forfeiture by lessor, and

(3) lessor to furnish the heat.

Lessee took possession in September to make repairs, alterations and to adapt the premises to a plant shop. Prior to December 1, 1975, lessee moved merchandise and fixtures into the ship. When the weather turned cold, lessee discovered the heat could not be controlled due to the location of steam piping. The premises became so hot as to be uninhabitable for plants. Lessee did not pay the December, 1975 rent installment. After Christmas, 1975, lessee returned to her shop to find herself locked out and all her merchandise and property seized by lessor. Lessor did not give lessee the ten days notice of forfeiture of the lease nor make demand for rent.

■ Lessor failed to file a motion for new trial required by Rule 78.07. "An erroneously directed verdict is an error which must be raised in a motion for new trial to be preserved for review." *O'Brien v. Sun Life Assur. Co. of Canada*, 589 S.W.2d 629, 631 (Mo.App. 1979); *Overfield v. Garner*, 595 S.W.2d 446 (Mo.App. 1980). Accordingly, lessor's contention that lessee's husband was barred from testifying under the Deadman's Statute is not preserved for appellate review.

Lessor, in its second point, contends that lessee "failed to show any mutual agreement between the parties with regard to a special meaning for the word 'heat' ... [and] to demonstrate that she was barred from reclaiming her property after [lessor's] re-entry upon the premises." This point can only be reviewed as "plain error" on the question of the submissibility of lessor's case. Rule 84.13(c); *Williams v. So. Pacific Railroad Co.*, 338 S.W.2d 882, 884 (Mo.1960); *Woosley v. State Automobile Mutual Insurance Co.*, 600 S.W.2d 210, 211 (Mo.App. 1980). Although lessor does not seek review under "plain error", this point must fail for two reasons.

■ Lessee properly complains that lessor's brief fails to comply with Rule 84.-04. The statement of facts and argument portions of the brief contain only two page references to the legal file or transcript, and neither is material to this point. Rule 84.04(h). Both the argument and statement of fact portions of the lessor's brief are deficient in that there is little reference to facts and law supporting the contentions in its second point. Rule 84.04(c), (e).

■ In any event, lessee sustained her burden of proof on the "heat" and "ability to retrieve her property" issues. The lease specified the premises would be used for a plant shop. The lessor was to supply reasonable heat for the plants. It, instead, supplied such excessive heat as to damage the plants. Lessor took possession of the premises and lessor's property without the requisite ten day notice. It changed the locks so that lessee could not gain entrance to the property. Plain error does not help.

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.