**Candy RICKARD, Respondent,**

v.

**James RICKARD, Appellant.**

**No. 42476.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 28, 1981.

Edward J. Delworth, St. Louis, for appellant.

T. J. Mullin, Clayton, for respondent.

PUDLOWSKI, Judge.

Appeal from a judgment in an action for dissolution of marriage. We affirm.

On August 9, 1979, respondent, Candy Rickard, filed her petition for dissolution of marriage. Nowhere in the petition did respondent ask the court to award her maintenance. At trial, respondent testified as follows:

Q: You're not asking for any—what we call maintenance from your husband, are you?

A: No.

Q: You understand that if you don't ask for it today, you can't come back into this court or any other court at any time in the future and ask for it?

A: Yes.

Q: Are you able to take care of yourself?

A: Yes.

Q: You don't need your husband's assistance?

A: No.

During subsequent questioning by the court, respondent stated that she was about 18 years old, unemployed, receiving public assistance, and the custodial parent of the parties' one year old child. Appellant then took the stand and testified that he was employed moving furniture for Bekins Moving and Storage, Inc. Appellant also stated he worked between fifteen and twenty-five hours per week and that his weekly income was between $65.00 and $115.00. Following a short recess respondent filed an amendment to her petition which requested reasonable maintenance. Appellant neither objected to the amendment nor requested a continuance. The trial court allowed the amendment. The court subsequently ordered the dissolution of marriage and awarded custody of the parties' minor child to the respondent with visitation privileges and temporary custody for the appellant. The court also ordered appellant to pay child support of $20.00 and maintenance of $30.00 per week.

■ Appellant's first contention is that the trial court erred by allowing respondent to amend her petition. The record shows that appellant neither objected to the amendment nor sought leave of court to answer the amended petition. Rather, appellant stood mute. Under the circumstances appellant waived any alleged error incident to the trial court's permitting the amendment. *Meinecke v. Stallsworth*, 483 S.W.2d 633, 635–636 (Mo.App.1972); Rules 55.33 and 78.09.

■ Appellant next contends that by amending the petition, respondent asserted new or additional claims for relief which under Rule 43.01 necessitated new service upon the appellant, that he was not so served, and that he was thereby denied his statutory right to answer the amended petition. Rule 43.01(a) provides that when new or additional claims are asserted, they shall be served in the same manner as that provided for service of summons. Appellant's argument fails because respondent, in her amendment, did not assert new or additional claims. A "claim" is "an aggregate of operative facts which give rise to one or more relations between the parties." *Urbanek v. Urbanek*, 503 S.W.2d 434, 442 (Mo. App.1973). In this case the amended petition prayed for maintenance. The original petition sought dissolution of marriage, custody of the minor child and child support. It is clear that the issues presented by both petitions arose from the same operative facts. Because no new or independent claim was asserted in the amended petition no new service was required. *Urbanek v. Urbanek*, 503 S.W.2d at 441–442.

Appellant, also argues that "where a court attempts to adjudicate a question outside the issues raised and submitted the judgment is to that extent void." *Hughes*

*v. Wagner*, 303 S.W.2d 181, 184 (Mo.App. 1957). *See also Masters v. Masters*, 315 S.W.2d 870 (Mo.App.1958). This is, no doubt, a well settled rule in this jurisdiction. In light of the preceding discussion, however, this rule has no relevance to the matter at hand.

Appellant's next contention is that respondent waived her right to maintenance by stating in open court that she did not desire such an award. Our review is governed by Rule 73.01 which directs us to consider both the law and the evidence, giving due regard to the opportunity of the trial court to judge the credibility of the witnesses. *In Re Marriage of Strelow*, 581 S.W.2d 426, 429 (Mo.App.1979). Under the rule announced in *Murphy v. Carron*, 536 S.W.2d 30, 36 (Mo. banc 1976), this court will sustain the decree of the trial court "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law."

Section 452.335 authorizes an award of maintenance in a proceeding for dissolution of marriage where the following two conditions are met: First, the spouse seeking maintenance lacks sufficient property to provide for his or her reasonable needs. Second, that spouse is unable to be self-supporting through appropriate employment or is "the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home." The record shows that at the time of the trial respondent was eighteen or nineteen years old, unemployed and dependent upon public assistance as her sole source of income. Respondent was also the custodian of the parties' one year old child. Appellant testified that he is employed moving furniture and that his weekly income was between $65.00 and $115.00 per week. Appellant's income and expense statement showed his net monthly income to be $286.00. The respondent testified that she was able to take care of herself and did not require her husband's assistance. However, these statements were not supported by the weight of the evidence. On the record compiled we are unable to declare the trial court erred in so awarding maintenance. Affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.