Patricia M. KALISH, Respondent,

v.

Michael L. KALISH, Appellant.

No. 43271.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 10, 1981.

Michael J. McAvoy, Fenton, for appellant.

Francis P. Dorsey, St. Louis, for respondent.

CRIST, Judge.

Husband appeals from decree in marriage dissolution proceeding instituted by wife. Wife was awarded custody of the couple's two children, $350.00 per month maintenance and 75 percent equity in the family home.

Husband's Points Relied On are as follows:

I.

The Court's judgment as to the amount and duration of maintenance is not supported by the record and is against the weight of the evidence adduced.

II.

The trial court erred in its disproportionate division of the marital-residence equity based upon the evidence offered on the record as a whole.

Neither of the above conforms to Rule 84.-04(d). Point I does not specify which criteria of § 452.335, RSMo. 1978 the trial court failed to consider. Similarly, neither does Point II designate which elements of § 452.-

330 the court below ignored. Additionally, Husband has not furnished this court with a legal file. It was the obligation of husband to present a legal file acceding to Rule 81.12. *See, Lewis v. Columbia Mut. Ins. Co.*, 588 S.W.2d 161, 162 (Mo.App.1979). Although it is not for this court to undertake the assignment of counsel for the parties before it, *Hurwitz v. Kohm*, 594 S.W.2d 643, 645 (Mo.App.1980), we have reviewed these points as plain error, *MAJ Inv. Corp. v. Wersching*, 612 S.W.2d 364, 365 (Mo.App. 1980). We conclude that the maintenance award and the division of property should be affirmed.

We need only discuss the following point. Husband argues that since Wife asked for $400.00 per month, less her own income ($185.00, equalling only $215.00), the trial court erred in granting maintenance of $350.00 per month. The award of maintenance is within the power of choice of the trial court and a grant or deprivement thereof will not be displaced unless there is an illustration of misuse of that discretion. *Royal v. Royal*, 617 S.W.2d 615, 619 (Mo. App.1981). It is not necessarily an abuse of discretion for the trial court to award more than is asked for where there is evidentiary support for the additional amount. See, *Rickard v. Rickard*, 616 S.W.2d 95, 97 (Mo. App.1981), where this court affirmed a maintenance award of $30.00 per week even though the wife had testified that she was able to take care of herself and did not require husband's assistance. We find no abuse of the court's discretion in awarding $350.00 per month maintenance in conformance with the evidence.

As to the amount of the maintenance award and the division of the home, we considered the transcript and discovered no ill-use of the trial court's ample discretion in its award. We also determine that the decision arrived at by the trial court is backed up by substantial evidence, is not contrary to the weight of the evidence and should be affirmed. No mistake of law appears and an extended discussion of these points would have no precedential value.

*Hegger v. Hegger*, 596 S.W.2d 479, 480 (Mo. App.1980). Rule 84.16(b).

Judgment affirmed.

REINHARD, P. J., and SNYDER, J., concur.