In re the MARRIAGE OF Nada E. SIMMONS, Plaintiff-Respondent,

and

Clifford E. Simmons, Defendant-Appellant.

No. 42926.

Missouri Court of Appeals, Eastern District, Division Two.

May 11, 1982.

Charles F. Dufour, Clayton, for defendant-appellant.

E. Rex Bradley, Louisiana, for plaintiff-respondent.

DOWD, Presiding Judge.

Modification of child support.

■ Upon the dissolution of the parties' marriage in 1973, the mother was awarded custody and child support of $350 a month for three children. When the mother later sought a modification of child support, the trial court increased the award to $630 per month. The father appeals the modification. We affirm.

In his first point appellant contends the trial court abused its discretion by finding changed circumstances so substantial and continuing as to justify an increase in child support. We disagree.

We have read and carefully considered the entire record pursuant to Rule 73.01. We fail to find any abuse of discretion or misapplication of law on the part of the trial court. *Eastes v. Eastes*, 590 S.W.2d 405, 409 (Mo.App.1979). The judgment is supported by substantial evidence and is not against the weight of the evidence. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). An extended discussion of this point would have no precedential value. *Kalish v. Kalish*, 624 S.W.2d 531, 532 (Mo.App. 1981); Rule 84.16(b).

Appellant next contends that the trial court abused its discretion by refusing to accept his evidence of child support payments which exceeded those awarded by the original decree. A garnishment had issued against appellant's bank accounts after respondent alleged nonpayment of child support for three months in 1979. To show that prior to those months he had prepaid his obligation, appellant offered into evidence cancelled checks payable to respondent for the years 1973 through 1979. Appellant argues that the trial court should have credited his earlier overpayments toward the later support obligations and should have sustained his motion to quash execution against his bank accounts.

■ Parties to a dissolution decree should strictly adhere to its terms, unless they have made a contrary agreement. *Webb v. Webb*, 475 S.W.2d 134, 135 (Mo.App.1971). As a general rule, a parent who voluntarily exceeds the decreed child support requirements may not claim credit against support

due in the future. *Id.* at 136. Exceptions may arise, as when the parties have agreed to such an arrangement or when other equitable considerations exist. *Id.* at 135; *M_____ v. M_____*, 313 S.W.2d 209, 213–14 (Mo.App.1958). We find no applicable exception in this case.

The evidence does not support a finding that these parties agreed to credit any overpayment toward future child support obligations. Respondent contends that appellant never made support payments exceeding his obligation and that the parties never agreed to a credit against future child support. She testified that if appellant gave her any checks exceeding the decreed amount, he intended to thereby repay small debts which he owed her. Appellant's testimony conceded that respondent might have loaned him small sums of money at various times.

■ Appellant's proffered cancelled checks, if admitted, could prove no more than that appellant paid child support exceeding the decree's demands. The checks themselves would not prove that the parties had agreed to treat any excess payments as advances, and we find no other evidence of such an agreement. The parties are therefore bound by the terms of the decree. The trial court did not abuse its discretion by refusing to accept appellant's evidence of overpayments since, even if proved, they would not affect appellant's obligations under the decree of dissolution.

In his third point, appellant contends the court erred in ordering him to pay respondent $1750 in attorney's fees. We disagree.

■ The award of attorney's fees is largely in the discretion of the trial court. *Brown v. Brown*, 609 S.W.2d 223, 228 (Mo. App.1980). We find that the trial court considered all relevant factors, including the financial resources of both parties, and did not abuse its discretion in awarding attorney's fees to respondent. *Kieffer v. Kieffer*, 590 S.W.2d 915, 919 (Mo. banc 1979).

In his final point on appeal appellant contends the court erred in imposing sanctions by striking his counter-motion to modify and related pleadings. Appellant asserts that he supplied all information requested in respondent's interrogatories as soon as it became available to him. On three separate occasions preceding the trial (5 February 1979, 11 April 1979, and 13 July 1979) the court directed appellant to answer respondent's interrogatories. Because appellant remained in default of one or more of the orders at the time of trial, the court invoked Rule 61.01 to strike all of appellant's pleadings.

■ Absent an abuse of discretion, the trial court has broad power to impose sanctions against a party for evasively answering or failing to answer interrogatories. *Peoples-Home Life Ins. Co. v. Haake*, 604 S.W.2d 1, 4 (Mo.App.1980). The trial court's action under Rule 61.01 was not an abuse of discretion since some of respondent's interrogatories remained unanswered. Whether the court's sanctioning was further bolstered by respondent's contention that appellant had tax returns, when he signed an affidavit stating he did not, is difficult to address as neither appellant's affidavit nor the tax returns are included in the appellate record. Point denied.

■ Finally, we address respondent's motion requesting this court to award further attorney's fees for services rendered on appeal. As stated in *Reeves v. Reeves*, 399 S.W.2d 641, 651–52 (Mo.App.1966); "Desirous as we are to accommodate counsel, that request must be denied for want of jurisdiction in this court to enter judgment for such allowances on appeal."

Respondent first filed a motion requesting this court to allow the circuit court to retain jurisdiction pending appeal to consider awarding attorney's fees for services rendered on appeal. We denied the motion. Respondent next filed a motion requesting this court to award attorney's fees for services rendered on appeal. We took that motion with the case.

Respondent correctly cites *Nixon v. Nixon*, 525 S.W.2d 835, 839 (Mo.App.1975), for

the proposition that the circuit court can retain jurisdiction to consider application for attorney's fees for services rendered on appeal. We point out to respondent, however, that a party must first raise such a motion before the trial court; respondent failed to do so here. Furthermore, we disagree with respondent's position that *N. K. M. v. L. E. M.*, 606 S.W.2d 179, 188–89 (Mo.App.1980), authorizes this court to award attorney's fees on appeal. That case merely holds that an appellate court can make an order regarding attorney's fees where such fees were litigated and denied below. Only the circuit court can award attorney's fees incident to the prosecution of an appeal, whether the case is pending in the circuit court or the appellate court. *Webb v. Webb*, 475 S.W.2d 134, 136 (Mo. App.1971).

The judgment is affirmed.

GUNN and CRANDALL, JJ., concur.