Carl J. RONOLLO, Respondent,

v.

Virginia A. RONOLLO, Appellant.

No. 44301.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 14, 1982.

Richard Jacobs, St. Louis, for appellant.

David Morgan, Clayton, for respondent.

SMITH, Judge.

Wife appeals from a judgment in a marriage dissolution case which granted a dissolution [1] and made an award of maintenance, distributed the marital property and ordered payment of attorney's fees. We affirm.

Husband filed his petition for dissolution in April 1978. In October 1978, wife filed her answer denying irretrievable breakdown of the marriage and a cross-bill seeking separate maintenance. There followed a barrage of motions, interrogatories, requests for admission, motions for contempt, objections to interrogatories, etc. After several continuances and a change of judge by each litigant, the matter was set for trial in February 1981. On the trial date, wife filed a motion for continuance on the basis that she was medically unable to participate in the trial. This was supported by a doctor's statement addressed to wife's counsel which in entirety recited: "This is to confirm that Mrs. Ronollo is medically unable to participate in a court hearing and to withstand the stresses of examination in a court." There was also an affidavit of counsel in support of the motion which in conclusory language stated that wife's testimony and presence were absolutely necessary. The court denied the motion for continuance and also denied a subsequent one filed three weeks later upon resumption of the recessed hearing. Wife premises error upon the refusal of continuance.

1. The court granted a decree of legal separation which was subsequently converted to a decree of dissolution pursuant to statute. Sec. 452.-360, RSMo.1978.

"While a litigant has a right to be present at his own hearing and the right to attend the trial, the principle is well established that the granting or denial of a continuance, even on the ground of illness, rests within the sound discretion of the trial court." *Blessing v. Blessing,* 539 S.W.2d 699 (Mo.App.1976) [3, 4]. *See also, Albi v. Reed,* 281 S.W.2d 882 (Mo. 1955) [10, 11].

Rule 65.04 sets forth the information which is to be contained in an application for continuance. An abuse of discretion does not exist in the absence of compliance with that rule. *Schreier v. Schreier,* 625 S.W.2d 644 (Mo.App.1981) [5]. Here the application did not meet several of the requirements of the rule. It did not set forth the materiality of the evidence to which wife would testify or that due diligence had been expended to obtain such testimony. The first part of this requirement is of lesser consequence, obviously, when the absent witness is a party, for the evidence of that witness may be presumed material. Due diligence is not, however, presumed.[2] The application also failed to set forth any facts showing reasonable belief that the attendance or testimony of wife could be obtained within a reasonable time. The doctor's statement is silent as to the commencement, the nature, the duration or the prognosis of her medical problems. Counsel's affidavit and the application are equally silent on those matters. Wife was requesting an indefinite postponement of a dissolution case nearly three years old. Nor does the application, affidavit or doctor's statement negative the requirement that absence of the witness was not the product of connivance, consent or procurement of wife. Even those cases relied upon by wife were based upon a finding of abuse of discretion in denying a *proper* application for continuance. *Nichols*

2. Counsel's affidavit stated he had just become aware of wife's medical condition. It did not say when wife became aware.

v. *The Headley Grocer Company,* 66 Mo. App. 321 (1896); *J.H. Rottman Distilling Company v. P.R. Van Frank,* 88 Mo.App. 50 (1901). We find no abuse of discretion here.

Wife also complains that her absence denied her due process resulting in an unfair award of marital property and inadequate maintenance. Our holding that the continuance was properly denied disposes of the due process argument. Our review of the judgment in accord with *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976), does not reveal that the trial court abused its discretion in the awards made. *In re Marriage of Vanet,* 544 S.W.2d 236 (Mo.App.1976) [3]; *In re Marriage of Pate,* 591 S.W.2d 384 (Mo.App.1979) [11, 12].

 Wife's final point is that the trial court erred in the amount of attorney's fees awarded her. What is a reasonable fee necessary for the maintenance or defense of the action is a matter within the discretion of the trial court and the court is an expert on such fees. *Raines v. Raines,* 583 S.W.2d 564 (Mo.App.1979) [9, 10]; *Cissell v. Cissell,* 573 S.W.2d 722 (Mo.App.1978) [7]. Also the determination of the amount of the fee to be borne by each of the parties is a matter of discretion. *LoPiccolo v. LoPiccolo,* 581 S.W.2d 421 (Mo.App.1979) [7–11]. The record here would support a conclusion by the trial court that the total fee found proper was reasonable for the work necessary to represent wife in this action. The court is not bound by wife's or her counsel's assessment of a reasonable fee to defend the action, nor by the amount of time actually expended. The record also supports the trial court's allocation of that fee between the parties.

Judgment affirmed.

PUDLOWSKI, P.J., and KELLY, J., concur.