Dr. Lloyd T. DIXON and Dr. Robert B. Lewis, IV, Appellants,

v.

MODEL CITIES HEALTH CORPORATION OF KANSAS CITY d/b/a Swope Parkway Comprehensive Health Center, Respondent.

No. WD33570.

Missouri Court of Appeals, Western District.

March 8, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied May 3, 1983.

Carl W. Bussey, Carol L. Shapley, Colbert & Fields, Kansas City, for appellants.

Daniel D. Lane, Harold L. Holliday, Jr., Holliday & Holliday, Kansas City, for respondent.

Before TURNAGE, P.J., and DIXON and CLARK, JJ.

CLARK, Judge.

Appellants brought suit against respondent, their former employer, for wrongful discharge and tortious interference with contract. Respondent counterclaimed for breach of contract and for conversion of respondent's property by appellants. At the close of appellants' evidence presented to a jury, the court directed a verdict for respondent on appellants' claims. Trial continued on respondent's counterclaim and resulted in a verdict against appellants for $450.00. The only point addressed in appellants' brief on appeal is disposition of the motion for directed verdict. Affirmed.

It is doubtful if appellants' brief complies with Rule 84.04(d). The statement of their point merely asserts that the directed verdict was erroneous because appellants offered competent and substantial evidence from which the jury could have found in their favor. Apart from this, however, appellants' case suffers a fatal defect.

Neither party has made mention in brief or argument of the omission, but it appears that appellants filed no motion for new trial in the trial court. None appears in the record on appeal and the date on which the notice of appeal was filed, forty days after entry of judgment, suggests the judgment matured to finality, without motion for new trial, thirty days after rendition. Rule 81.-05.

In a jury tried case, a motion for new trial is required to preserve for appellate review the claims of error at trial except for questions of jurisdiction, the sufficiency of the pleadings and certain matters raised in motions for judgment n.o.v. Rule 78.07. An erroneously directed verdict is an error which must be raised in a motion for new trial to be preserved for review. *MAJ Investment Corp. v. Wersching,* 612 S.W.2d 364, 365 (Mo.App.1980). In the present case, therefore, the appeal presents no point entitled to consideration on the merits.

Having apparently overlooked the necessity to preserve their claim of error by filing a motion for new trial, appellants understandably make no claim in their brief for review of plain error under Rule 84.-13(c). In the interests of laying this controversy to rest, however, we consider, ex gratia, the point which appellants seem to argue in their brief. We do so to determine whether a manifest injustice or a miscarriage of justice has resulted.

Fairly summarized, appellants' evidence was that both doctors signed contracts with respondent in 1977 for part-time employment as optometrists for a period of one year ending October 4, 1978. The contracts included a provision for termination on mutual agreement and unilaterally by respondents on sixty days advance written notice. In March or April, 1978, respondents initiated discussion for renewal of the contracts, the principal contention by respondents being the inadequacy of their compensation.

Although appellants continued to perform their services under the existing con-

tracts, the negotiations for changes in the arrangement did not proceed to their satisfaction and in July, 1978, they contacted their attorney. He aided them in preparing and sending to respondent a letter dated July 13, 1978 in which appellants stated they were exercising their rights to terminate the contract and were furnishing the required sixty days notice. The letter also expressed appellants' willingness to terminate earlier if respondent would assent.

Some discussion of appellants' continued employment followed and appellants claim their attorney communicated to respondent the sense of the resignation letter to be a tool for the purpose of forcing meaningful negotiations on a new agreement. The evidence did not, however, demonstrate any verbal or written withdrawal of the resignation. No satisfactory resolution of appellants' demands for increased compensation was accomplished and on September 6, 1978, respondent notified appellants their resignations were accepted and the contract was terminated by mutual agreement.

Appellants' evidence showed beyond any question that they used their resignation option under the existing contract as a means to force negotiation of a new agreement on their terms. Their statement of resignation was fully effective between July, 1978 when issued and September, 1978 when accepted. No doubt that acceptance came as a surprise to appellants, but the failure of their bargaining strategy provides no basis for the suit for wrongful discharge. Certainly, the direction of a verdict for respondent presents no case of manifest injustice or miscarriage of justice.

The judgment is affirmed.

All concur.