Nina J. LAYTON,
Petitioner-Respondent,

v.

Jerry D. LAYTON,
Respondent-Appellant.

No. 46172.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 22, 1984.

Motion For Rehearing and/or Transfer To
Supreme Court Denied
July 9, 1984.

Patricia A. Riehl, Hollingsworth & Kramer, Hillsboro, for respondent-appellant.

L. Richard Brinkman, Jr., Gumersell, Denk & Brinkman, Arnold, for petitioner-respondent.

GAERTNER, Presiding Judge.

On appeal, husband contests the provisions of a dissolution of marriage decree concerning maintenance, visitation rights, division of marital property and attorneys' fees. We affirm.

Husband's first point relates to the trial court's order of maintenance in the amount of $70 per week for twelve months. The evidence disclosed that wife had not been employed during the thirteen years of the marriage. After the parties separated she obtained employment in a factory earning $195 per week in take-home pay. At the time of the hearing she had been laid off, but hoped to be recalled. On direct examination she testified that because of this hope she was not asking for alimony. Seizing upon this single statement, husband contends wife has waived maintenance. He relies upon *In re Marriage of Noeltner*, 569 S.W.2d 8, 11 (Mo.App.1978) wherein this court reversed an award of $1 a year to a wife who had expressly waived maintenance. This reliance is misplaced.

■ In reviewing an award of maintenance it is the limited function of an appellate court to determine only whether the broad discretion vested in the trial court has been abused. *In re Marriage of Zuni-*

*ga*, 622 S.W.2d 705, 706 (Mo.App.1981). In *Noeltner*, except for evidence of gross misconduct on the part of the wife, the record appears to be devoid of any evidence regarding the other six factors which § 452.-335.2, RSMo 1978, requires the trial court to consider in determining the justness of a maintenance order. Therefore, the award of $1 per year for maintenance after an express waiver thereof by the wife was totally unsupported by evidence and amounted to abuse of discretion. 569 S.W.2d 8, 11 (Mo.App.1978).

■ Under different circumstances, this court reached an opposite conclusion in *Rickard v. Rickard*, 616 S.W.2d 95 (Mo. App.1981). Despite a wife's express waiver of maintenance, we found that the evidence of her financial situation warranted the trial court's award of maintenance. *Id.* at 97. In similar fashion in *Kalish v. Kalish*, 624 S.W.2d 531 (Mo.App.1981), we approved the decision of the trial court to award a wife $350 per month despite her request for an award of only $215 per month. "The award of maintenance is within the power of choice of the trial court and a grant or deprivement thereof will not be displaced unless there is an illustration of misuse of that discretion." *Id.* at 532. Based upon this same principle, we reviewed the record in *Walker v. Walker*, 631 S.W.2d 68 (Mo.App.1982), found the evidence to support a wife's waiver of maintenance, and overturned the trial court's award of $5 per week as "clearly against the weight of the evidence." *Id.* at 70. These decisions clearly reflect that the trial court is not bound by any stipulation, agreement or waiver regarding maintenance, but rather the court must exercise its discretion to determine the granting or denial, the amount and duration of maintenance as guided by the factors set forth in § 452.335.2, RSMo 1978.

■ This conclusion is in harmony with the basic concept underlying the procedural requirements of the dissolution of marriage act. Section 452.325.3, RSMo 1978 authorizes the trial court to disregard uncon-

scionable separation agreements and to make such orders for the disposition of property, support, and maintenance as it deems just. We may not disturb such a determination on the part of the trial court so long as it is supported by the evidence, is not contrary to the weight of the evidence and does not erroneously declare or apply the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ Considering wife's unemployment during the marriage, her unemployment at the time of the dissolution hearing, and the deferral for as long as twelve months of her share of the proceeds from the marital residence, the principal asset, we find ample support for the trial court's award of temporary maintenance.

■ Husband's second point attacks the provision of the decree regarding visitation rights with his twelve year old daughter. The decree provides that husband shall have "reasonable temporary custody ... but no visitation rights...." The temporary custody is specified as "including at least every Sunday from 10:00 a.m. to 5:00 p.m. at the home of [husband] and his son." Husband had requested the court to establish flexible visitation rights since his employment as a truck driver followed no set schedule. The record discloses considerable evidence of husband's excessive drinking and acts of violence. The daughter testified in chambers that she would like to see her father "every now and then" but that she would not want to spend the night with him or be in a car he was driving. The decree is fashioned to comply with the daughter's wishes and to reduce the potential endangerment to her. The decree sets forth a minimum, leaving to the parties the determination of what additional periods of temporary custody may be reasonable from time to time. We find no abuse of the trial court's discretion to determine what arrangement will serve the best interest of the child. *C.A.Z. v. D.J.Z.*, 647 S.W.2d 895, 896 (Mo.App.1983).

■ Husband's third point questions the trial court's determination that the fam-ily residence was marital and not separate property. At the time of husband's divorce from his first wife, the property had been awarded to him as separate property and was thus acquired by husband prior to this marriage. After the marriage, husband quitclaimed the property to an attorney who, acting as a straw, in turn reconveyed the property to husband and wife by quitclaim deed. They left the lawyer's office with the deeds in the wife's purse. Upon reaching their residence, the deeds were placed in a box in their bedroom. The deeds were never recorded. Husband states the transfer was ineffective to convey any interest in the residence to wife because of the absence of donative intent. The crux of husband's argument is that, although the family residence was titled in joint names, the absence of delivery or donative intent by husband disproves the trial court's finding that the family home was marital property. We disagree. A spouse may by agreement, either express or implied, or by gift, transmute an item of separate property into marital property. *Weast v. Weast*, 655 S.W.2d 752, 755 (Mo. App.1983); *See Conrad v. Bowers*, 533 S.W.2d 614, 622 (Mo.App.1975). The placing of once separate property into joint names, unless there is clear and convincing evidence to the contrary, is deemed a gift by the owning spouse to the other and transforms the property into marital property. *Allen v. Allen*, 637 S.W.2d 829, 830 (Mo.App.1982). There was no evidence to overcome the statutory presumption that the house was to become marital property. *In re Marriage of Salisbury*, 643 S.W.2d 821, 822 (Mo.App.1982). There was no evidence that the parties ever considered the home to be husband's separate property. *Id.* Although husband now denies that he intended the residence to be considered marital property, his conduct speaks differently. Disclosure of intention by a grantor to make delivery of a deed of realty relates to the time of the acts which constitute delivery. An afterthought of regret does not nullify the passage of title by delivery by the grantor. *LeMehaute v. LeMehaute*, 585 S.W.2d 276, 281 (Mo.App.1979). Hus-

band and wife were together at the attorney's office where the transfer to them from the straw party was accomplished. The deed was delivered to both husband and wife, transported to the home by the wife alone and retained in a box in the bedroom of their home. Both had access to the box. Their actions are consonant with the finding that the residence was marital property. Failure to record the deed does not negate the statutory presumption. Point denied.

 Husband's final point argues the trial court abused its discretion in ordering him to pay $1,200 of the $1,500 incurred for wife's attorney's fees. Husband's argument attacks only his ability to pay and not the reasonableness of the total fee. Evidence of wife's need was more than sufficient to support the award. Husband, despite a severe head injury, earned $1,400 per month and had earned $18,000 in the year prior to the dissolution hearing. The determination of the amount of the fee to be borne by each of the parties is a matter of discretion. *Ronollo v. Ronollo*, 643 S.W.2d 646, 648 (Mo.App.1982). The record supports the trial court's allocation of attorney's fees between the parties. We find no abuse of discretion in the award, considering the relevant factors including the financial resources of both parties. § 452.-355, RSMo 1978. *Stucker v. Stucker*, 667 S.W.2d 20 (Mo.App.1984).

Judgment affirmed.

SMITH and STEPHAN, JJ., concur.