**Maureen FANTL, Respondent,**

v.

**Thomas Henry BERNSEN, Appellant.**

No. 74645.

Missouri Court of Appeals,
Eastern District,
Division Five.

June 15, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 19, 1999.

William L. Hetlage, St. Louis, for appellant.

Scott A. Smith, David R. Bohm, Barbara B. Maille, Clayton, for respondent.

Before ROBERT G. DOWD, Jr., C.J., and KENT E. KAROHL, J., and CHARLES B. BLACKMAR, Senior Judge.

## ORDER

PER CURIAM.

Thomas Henry Bernsen appeals from a trial court order modifying the child support payment to Maureen Fantl for the parties' minor child, Tyler. Bernsen contends the trial court failed to consider all relevant factors pursuant to Rule 88.01, and Sections 452.340 and 452.370, RSMo 1994, in its application to determine child support obligations. Specifically, Bernsen contends (1) his prior voluntary payment of private school expenses for the parties' emancipated child, Kaley, are relevant to the current determination; and (2) the stepfather's income should be considered in calculating the correct amount for child support under Form 14.

We have reviewed the briefs of the parties and the record on appeal and find the claims of error to be without merit. Absent an agreement or equitable considerations, a parent who voluntarily pays college expenses cannot claim credit against future child support payments. *See Anderson v. Aronberg,* 927 S.W.2d 931, 935 (Mo.App. E.D.1996); *Finley v. Morrow,* 697 S.W.2d 543, 544 (Mo.App.S.D.1985). Moreover, a parent cannot expect the trial court to include a stepparent's income in Form 14 calculations for child support. *Burton v. Donahue,* 959 S.W.2d 946, 948 (Mo.App. E.D.1998). An opinion reciting detailed facts and restating additional principles of law would have no precedential value. The judgment is affirmed in accordance with Rule 84.16(b).